PER CURIAM.
The letter of the respondent herein dated 31 October 1963, transmitted to this Court by The Florida Bar by letter dated 7 November 1963, together with the documents referred to in said letter from The Florida Bar, are severally considered by this Court as a petition for rehearing.
Respondent seems to be principally concerned with the question of whether the final judgment heretofore entered in this cause on 3 October 1963 precludes him from ever seeking a reinstatement in The Florida Bar.
Rule 11.07(5) of the Integration Rule of The Florida Bar, 31 F.S.A., as revised 1 July 1962, provides “[a] judgment of disbarment without further qualification shall be construed to be disbarment for an indefinite period of time; * * *. During disbarment the respondent shall not be a member of The Florida Bar. During any indefinite period of disbarment he may apply for reinstatement in the manner provided by the rule on reinstatement.” Rule 11.10 of the Integration Rule of The Florida Bar, supra, provides that “[a]n attorney who has been disbarred other than by permanent disbarment * * * may be reinstated to membership in The Florida Bar pursuant to this rule.” Said rule provides for the filing of a petition, sets forth the procedure for hearing thereon and provides that, should any petitioner obtain an adverse judgment, no further petition for reinstatement shall be filed on behalf of the same person within two years from the date thereof.
The petition for rehearing is denied and the final judgment of October 23, 1963, supra, as clarified by this order, is hereby adhered to and reaffirmed.
A copy of this order shall be mailed by the Clerk to The Florida Bar and to the respondent at PMB 18133, Pembroke Station, Danbury, Connecticut.
It is so ordered.
DREW, C. J., and ROBERTS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.